
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50443 |
| Plaintiff - Appellee, | D.C. No. 2:10-CR-00525-GHK-1 |
| v. | |
| JESUS ARREDONDO-MARTINEZ, AKA Jesus Arredondo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Submitted November 9, 2012[**]
Pasadena, California

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and SINGLETON, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for Alaska, sitting by designation.

Appellant Jesus Arredondo-Martinez appeals his conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arredondo-Martinez attempted to reenter the United States from Mexico in 2000 and 2002. On both occasions he was removed on an expedited basis pursuant to 8 U.S.C. § 1225(b)(1). He now collaterally attacks those removal orders on the grounds that they deprived him of due process.

Arredondo-Martinez's collateral challenges can succeed "only if he is able to demonstrate that: (1) his due process rights were violated by defects in his underlying deportation proceeding[s], and (2) he suffered prejudice as a result of the defects." *United States v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000) (internal quotation marks omitted).

Even if Arredondo-Martinez could show that his due process rights were violated, he cannot show prejudice. Because Arredondo-Martinez attempted to enter the country using an invalidated resident alien card in 2000 and a false birth certificate in 2002, he cannot show that it is "plausible" that the immigration officer would have exercised his discretion to allow him to withdraw his applications for admission but for the violations of due process. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1090–91 (9th Cir. 2011).

2

Because Arredondo-Martinez has failed to show that the predicate expedited removal orders were invalid, we need not decide whether his 1996 conviction under California Penal Code § 261.5(c) was an aggravated felony.

**AFFIRMED**.